**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Appellee,**

v.

**The COUNTY OF ALLEGHENY, Appellant,**

v.

**COMMONWEALTH OF PENNSYLVA-NIA and Richard Thornburgh, individually and in his capacity as Governor and Edward Biester, individually and in his capacity as Attorney General.**

**No. 81–2530.**

United States Court of Appeals, Third Circuit.

Argued March 1, 1982.

Decided April 19, 1983.

*See, e.g., Guerro v. Mulhearn,* 498 F.2d 1249, 1254 (1st Cir.1974) ("false arrest ... may constitute a compensable wrong ... wholly apart

Thomas H.M. Hough (argued), Asst. County Sol., James H. McLean, County Sol., Pittsburgh, Pa., for appellant.

W. Sherman Rogers (argued), Michael J. Connolly, Gen. Counsel, Philip B. Sklover, Acting Asst. Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, E.E.O.C., Washington, D.C., for appellee, EEOC.

Alton P. Arnold, Jr., Deputy Atty. Gen., Pittsburgh, Pa., for Commonwealth of Pennsylvania, Richard Thornburgh, Edward Biester.

Before HUNTER, WEIS and HIGGIN-BOTHAM, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM:

The Equal Employment Opportunity Commission ("EEOC") filed a complaint

from the question of whether conviction was proper"). This Circuit appears never to have resolved the question.

against the County of Allegheny, Pennsylvania ("County"), alleging that the County maintained a discriminatory policy in its hiring of police officers in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1976 & Supp. V 1981) ("ADEA"). On August 11, 1981, the United States District Court for the Western District of Pennsylvania granted partial summary judgment in favor of the EEOC. *EEOC v. County of Allegheny,* 519 F.Supp. 1328 (W.D.Pa.1981). The County appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) (1976).

Although the case was argued on March 1, 1982, we decided to delay our decision pending the Supreme Court's disposition of *EEOC v. Wyoming,* 514 F.Supp. 595 (D.Wyo.1981), *prob. juris. noted,* 454 U.S. 1140, 102 S.Ct. 996, 71 L.Ed.2d 291 (1982). That case presented the question of whether Congress violated the tenth amendment when it amended the ADEA in 1974 to include state and local governments within the coverage of the Act. Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, 88 Stat. 74 (codified at 29 U.S.C. § 630(b) (1976)). In *EEOC v. Wyoming,* —— U.S. ——, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), the Supreme Court decided that question, holding that the amendment of the ADEA was constitutional. We will now address the issues presented on this appeal, and we will affirm the holding of the district court.

### I.

The County has for years maintained a policy of refusing to allow individuals over the age of thirty-five to take its police examination. That examination is mandatory for individuals who want to become County police officers. The County adopt-

ed its hiring policy pursuant to a Pennsylvania statute applicable to Allegheny County.[1] That statute provides in part:

> Each person desiring appointment to the police force ... shall apply to the commission for examination....

> No person shall be eligible to apply for examination unless he is more than eighteen years of age and, with respect to applicants for the police force not over thirty-five years of age at the date of application.

16 P.S. § 4510 (Purdon Supp. 1982–83).

The EEOC filed suit in the district court on behalf of three individuals who were not allowed to take the County's police examination because they were over thirty-five years old. The EEOC claimed that the County's hiring policy violated the ADEA. It sought an injunction against the continuation of the hiring policy,[2] and it also sought immediate appointment of the three individuals with retroactive employment benefits and monetary damages.

The district court concluded as a matter of law that the County's hiring policy violated the ADEA. *County of Allegheny,* 519 F.Supp. at 1330. It found that the County's refusal to allow individuals over thirty-five years old to take the police examination established a *prima facie* case of age discrimination in violation of section 4(a)(1) of the ADEA. 29 U.S.C. § 623(a)(1) (1976).[3]

The court then concluded that the County had failed to produce evidence to satisfy either of the statutory defenses provided in section 4(f)(1) of the ADEA. 29 U.S.C. § 623(f)(1) (1976). That section permits an employer to avoid liability if it can show either 1) that "age is a bona fide occupational qualification ["bfoq"] reasonably necessary to the normal operation of the par-

---

**1.** The statute is part of the Second Class County Code, 16 P.S. §§ 3101–6302 (Purdon 1956 & Supp. 1982–83), which is applicable to counties with a population between 800,000 and 1,800,-000. 16 P.S. § 3210(2) (Purdon Supp. 1982–83).

**2.** The district court permitted the County to add as defendants the Commonwealth of Pennsylvania, its governor, and its attorney general

because part of the injunctive relief requested was directed at those parties.

**3.** Section 4(a)(1) provides in pertinent part:

> (a) It shall be unlawful for an employer—
> (1) to fail or refuse to hire or to discharge any individual ... because of such individual's age.

29 U.S.C. § 623(a)(1) (1976).

ticular business," or 2) that "the differentiation is based on reasonable factors other than age." *Id.*

The district court rejected the bfoq defense, relying on the two-pronged test set out in *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224 (5th Cir.1976). It found that the record was barren of any evidence that the refusal to hire individuals over thirty-five was reasonably necessary to the operation of the police force. It further found that there was no evidence that the County could not deal with applicants over thirty-five on an individualized basis. The district court thus held that there was a total absence of any record evidence to support the bfoq defense. *County of Allegheny*, 519 F.Supp. at 1333–34.

The court next addressed the second statutory defense. The County argued that its refusal to hire individuals over thirty-five was "based on reasonable factors other than age," namely, the mandate of a state statute. The court held that reliance on a state statute which conflicts with federal law cannot insulate an employer from liability for employment discrimination. *Id.* at 1335 n. 19. The court explained that an employer may invoke the "reasonable factor" defense only if it produces evidence that it did not in fact differentiate on the basis of age, but rather on the basis of some legitimate factor other than age. *Id.* at 1334. The court noted that, although the existence of the state statute in this case may explain the County's motives for its hiring policy, the County had nonetheless relied on age as a determinative factor in its hiring decisions. *Id.* at 1335. The court thus rejected the County's attempt to invoke the second statutory defense.

The district court granted partial summary judgment against the County. It enjoined the County from continuing to use its hiring policy which violates the ADEA and also enjoined the Commonwealth of Pennsylvania from enforcing the provisions of its code which mandate that policy. The court ordered the County to accept the applications of the three plaintiffs and of all other individuals within the age group protected by the ADEA. It ordered the County to allow those individuals, if otherwise qualified, to take the police examination. App. at 153–54.[4] The court decided that further development of the facts was required before deciding whether the individual plaintiffs were entitled to appointment, retroactive benefits, and monetary damages. *County of Allegheny*, 519 F.Supp. at 1337.

## II.

On appeal the County[5] does not contest the district court's conclusion that its hiring policy constitutes a *prima facie* violation of section 4(a)(1) of the ADEA. 29 U.S.C. § 623(a)(1) (1976). Furthermore, it does not contest the district court's conclusion that it has failed to produce any evidence to support the defense that age is a bona fide occupational qualification for serving as a County police officer. The County does argue that it should not be foreclosed from adopting a hiring policy in the future which may include an age limitation, if it can show that such an age limitation is a permissible bfoq under the ADEA. We do not read the district court's opinion to hold, nor do we hold, that the County can never establish an age limitation for its police officers without violating the ADEA. Until the County proves that age is a bona fide occupational qualification for serving as a County police officer, however, it cannot lawfully establish such an age limitation.[6]

---

4. The ADEA protects individuals between the ages of 40 and 70. 29 U.S.C. § 631(a) (Supp. II 1978). The County argues on appeal that the district court erred in ordering the County to administer the police examination to the three individual plaintiffs because there was no record evidence that each was within the age group protected by the ADEA. Because of the lapse of time in this case, however, it is clear that each plaintiff now is at least 40 years old.

5. The Commonwealth of Pennsylvania and the individual state defendants have not appealed from the district court's order.

6. Of course we express no opinion as to whether the County can in fact establish a bfoq

■ The County also argues that the district court erred in rejecting its attempt to invoke the second statutory defense. It renews its argument that age discrimination in reliance on a state statute constitutes differentiation "based on reasonable factors other than age." 29 U.S.C. § 623(f)(1) (1976). That argument need not detain us. The district court correctly concluded that the plain language of section 4(f)(1) precludes such an argument. Furthermore, it is well-settled that under the Supremacy Clause a state statute which conflicts with a federal statute cannot stand, *Jones v. Rath Packing Co.,* 430 U.S. 519, 525–26, 97 S.Ct. 1305, 1309–10, 51 L.Ed.2d 604 (1977), and that reliance on such an unconstitutional statute cannot justify employment discrimination. *See Kober v. Westinghouse Electric Corp.,* 480 F.2d 240, 245–46 (3d Cir.1973); *Rosenfeld v. Southern Pacific Co.,* 444 F.2d 1219, 1225–27 (9th Cir.1971).

### III.

We, therefore, will affirm the district court's grant of partial summary judgment against the County.

defense. *See Orzel v. City of Wauwatosa Fire Dep't,* 697 F.2d 743 (7th Cir.1983); *Tuohy v. Ford Motor Co.,* 675 F.2d 842 (6th Cir.1982); *Stewart v. Smith,* 673 F.2d 485, 491 n. 26 (D.C. Cir.1982); *EEOC v. County of Santa Barbara,* 666 F.2d 373 (9th Cir.1982); *Arritt v. Grisell,* 567 F.2d 1267, 1271 (4th Cir.1977); *Usery v. Tamiami Trail Tours, Inc.,* 531 F.2d 224, 233–38 (5th Cir.1976).